KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Chief, Criminal Division

GREGG W. LOWDER (CSBN 107864)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7044

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY FORTE,<br><br>    Defendant. | No. CR 05-00588 MMC<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date: February 1, 2006<br>Time: 2:30 p.m. |

**I.**
**INTRODUCTION**

    The defendant Anthony Forte pleaded guilty open to this Court to two counts of possession of stolen mail, in violation of 18 U.S.C. § 1708.

    The United States agrees with the Presentence Investigative Report's (PSR) sentencing guideline calculations of a total criminal offense level of 6, a criminal history category at VI, and a guidelines range of 12 to 18 months. The range falls within Zone D, so the minimum term must be served in prison per U.S.S.G. § 5C1.1(f).

    The United States does not disagree with the PSR's recommendation of the mid-range

U.S. Sent. Memo
*U.S. v. Forte,* CR 05-0588 MMC

term of imprisonment, that is, 15 months.[1]  However, the United States submits that, based on the defendant's criminal history and continuous criminal conduct over time, the sentence should be no less than 15 months, and the circumstances justify a sentence at the high-end, that is, 18 months.

## II.
## GUIDELINES CALCULATIONS

The United States agrees with the PSR's guidelines calculations, which are as follows:

| | |
|---|---|
| Base offense level, § 2B1.1(a)(2): | 6 |
| Specific Offense Characteristics | +2 |
| Acceptance of Responsibility | -2 |
| **Total Offense Level** | **6** |
| **Criminal History** | **VI** |
| **Guidelines range** | **12 to 18 months** |

## III.
## THE DEFENDANT'S CRIMINAL HISTORY IS AGGRAVATED AND JUSTIFIES A HIGH-RANGE SENTENCE

The defendant's arrest record speaks for itself: the defendant has been arrested 18 times as an adult and has been at least "detained" on seven other occasions[2].  He has suffered four felony convictions and has been placed, originally, on felony probation for them.  He has violated his felony probation each time and each felony probation has ultimately been revoked.  He has been committed to state prison on his four felony convictions and, as a result, has been

---

[1] Based on a telephone conversation with P.O. Karen Mar, the number 12 appears in the final PSR Recommendation, page 4.  It is a typographical error; the recommendation is 15 months, as is stated more than once elsewhere in the recommendation.

[2] There are seven "detention only" entries in the defendant's criminal history in the PSR, which correspond to his CII criminal history and San Francisco rap sheet entries.  Where the CII indicates "det only," the San Francisco rap sheet indicates the defendant was in each instance in fact arrested, but no charges were later filed by the prosecution office.

U.S. Sent. Memo
*U.S. v. Forte,* CR 05-0588 MMC

committed to two separate prison commitments.  Each time he has been placed on parole he has violated his parole.  He was also on misdemeanor probation at the time of the current offenses.

Neither his current offenses nor his past offenses have been all 'victimless.'  His past criminal conduct involves a conviction for sexual intercourse with a 16 year girl, which occurred when the defendant was 24 years old.  His juvenile criminal history includes a juvenile petition being sustained (i.e., the charges were upheld) for robbery with a deadly weapon and for inflicting great bodily injury.  Moreover, the current charges are not victimless, involving possession of mail stolen from numerous victims.

Any assertion that the defendant's criminal history category overstates his criminal history should be considered baseless.  The defendant's initial commitment to state prison resulted from three separate felonies which were ultimately combined in one state charging document – likely because the arrests occurred on different dates but near in time.  See PSR, paragraphs 40-42.  The defendant was arrested on different days for each those three felonies, and the arrests occurred over a four month period.  The criminal history points are therefore properly counted as separate increments of three-points each.  They are not considered "related" under the guidelines (which would mean only one three-point increment) because they resulted from separate arrests on separate days, despite being prosecuted and sentenced together.  See U.S.S.G. § 4A1.2(a)(2) and Commentary, paragraph 3 ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).").

///
///
///
///
///
///

U.S. Sent. Memo
*U.S. v. Forte,* CR 05-0588 MMC

## VI.
## CONCLUSION

The United States submits that the circumstances support a sentence at the high end of 18 months; however, the United States recommends that the sentence should in no event be less than what is recommended in the PSR, that is, 15 months imprisonment.

Dated: January 31, 2006                    Respectfully submitted,

                                           KEVIN V. RYAN
                                           United States Attorney


                                           _____/s/_____
                                           GREGG W. LOWER
                                           Assistant United States Attorney

U.S. Sent. Memo
*U.S. v. Forte,* CR 05-0588 MMC