# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

E-filing

**Request to Modify the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:      Anthony Forte              Docket No.:  CR 05-00588-01 MMC

Name of Sentencing Judge:   Maxine M. Chesney
                            United States District Judge

Date of Original Sentence:   February 1, 2006

Original Offense:
Count 1: Possession of Stolen Mail, 18 U.S.C. § 1708, a Class D felony
Count 2: Possession of Stolen Mail, 18 U.S.C. § 1708, a Class D felony

Original Sentence: 15 months custody; three years supervised release
Special Conditions: 60 hours of community service; drug/alcohol treatment; no new lines of credit; access to financial information; no false identification and provide true identity; search; not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; DNA collection.

Prior Form(s) 12:

On September 25, 2006, the Court issued a warrant for the offender's arrest, as he failed to report to the U.S. Probation Office within 72 hours upon his release from custody.

On April 25, 2007, the offender's supervision was revoked.

Sentence: 20 days imprisonment, time served, 30 months supervised release
Special Conditions: abstain from the use of all alcoholic beverages, shall reside for a period of six months at Cornell Corrections, and shall observe all rules of that facility; drug/alcohol treatment; access to financial information; no false identification and provide true identity; search; not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; DNA collection.

Type of Supervision: Supervised Release            Date Supervision Commenced: April 25, 2007
Assistant U.S. Attorney: Gregg Lowder              Defense Counsel: Claire Leary (Appointed)

NDC-SUPV-FORM 12B(1) 03/23/05

Anthony Forte                                                                             Page 2
CR 05-00588-01 MMC

## Petitioning the Court

To modify the conditions of supervision as follows:

The offender shall enter and complete an approved residential treatment program if deemed necessary by the U.S. Probation Officer.

The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

## Cause

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated special condition number three which states that the offender shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. |
| | The offender failed to report for drug testing on July 19, 2007; August 16, 2007; September 10, and 14, 2007. In addition, the offender tested positive for cocaine on July 27, 2007. |
| | Evidence in support of this charge includes written documentation from Sharper Future. |
| Two | There is probable cause to believe that the offender violated standard condition number two which states that the offender shall report to the probation officer, and shall submit a truthful and complete monthly report within the first five days of each month. |
| | The offender missed scheduled office appointments on July 19, 2007; August 3, 2007; and September 4, 2007. |
| | Evidence in support of this charge includes the undersigned's testimony. |

| | |
|---|---|
| Three | There is probable cause to believe that the offender violated special condition number two which states that the offender shall reside for a period of six (6) months in Cornell Corrections located at 111 Taylor Street, San Francisco, California. |
| | The offender was accepted into the halfway house on April 27, 2007, and was terminated on July 21, 2007. |
| | Evidence in support of this charge includes the discharge summary report from the halfway house. The report indicates that the offender was terminated from Cornell due to a conflict with other residents and fearing for his safety. Staff also reported that the offender appeared to be having some mental health issues at the time of his release. Staff reported that the offender was experiencing some anxiety and depression. |

Despite the above listed violations, it appears the offender is attempting to comply with the Court's conditions. However, there may be mental health issues that are interfering with his ability to focus on the directives given by the Court and the undersigned. At this time, we are requesting a modification to include a mental health condition so that the therapist can explore more than drug abuse issues, and if needed, refer the offender for a mental health assessment and testing. Defense counsel objects to the modification, but the offender understood his legal rights and chose to sign the waiver.

The Assistant U.S. Attorney and Defense Counsel have been notified. Defense Counsel, Claire Neary, objects to the modification.

Address of offender:     1360 South Van Ness, #228
                         San Francisco, CA 94117

Respectfully submitted,                              Reviewed by:


_____           _____
Octavio E. Magaña                         Amy Rizor
U.S. Probation Officer Specialist         Supervisory U.S. Probation Officer

Date Signed: August 18, 2007

Anthony Forte                                                                                                    Page 4
CR 05-00588-01 MMC

THE COURT ORDERS:
☑ To modify the conditions of supervision as follows:

The offender shall enter and complete an approved residential treatment program if deemed necessary by the U.S. Probation Officer.

The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

☐ Submit a request for warrant
☐ Submit a request for summons
☐ Other:

_____9-19-07_____                           _____
Date                                            Maxine M. Chesney
                                                United States District Judge

**NDC-PROB 49 02/01/05**

# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA

Defendant Name: Anthony Forte
Docket No.: CR 05-00588-1 MMC

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term Of Supervision

  I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel", I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

  I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The offender shall enter and complete an approved residential treatment program if deemed necessary by the U.S. Probation Officer.

The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

☐ *continued on next page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct and that this declaration was executed on the date indicated at

Signed: *Anthony Forte*      Date: 9/14/07
    Probationer or Supervised Releasee

Witness: *Octavio*      Date: 9/14/07
    Octavio E. Magaña
    U.S. Probation Officer Specialist