JOSEPH P. RUSSONIELLO (CASBN 4432)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

GREGG W. LOWDER (CASBN 107864)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7044
   Fax: (415) 436-7234
   Email: Gregg.Lowder@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-0588 MMC |
| Plaintiff, | **UNITED STATES SUPERVISED RELEASE VIOLATION SENTENCING MEMORANDUM** |
| v. | |
| ANTHONY FORTE, | Hearing Date: May 28, 2008 |
| Defendant. | Hearing Time: 2:30 p.m. |
| | Court: Hon. M.M. Chesney |

**I.
INTRODUCTION**

After the contested evidentiary hearing on April 3rd, the Court found that the defendant violated Counts One, Three, Four and Six of his conditions of release, as follows:

- Count One: the defendant failed to report to his probation officer Octavio Magana on repeated occasions after his release in July 2007, including July 19th, August 3rd, September 4th;

- Count Three: the defendant tested positive for cocaine or its metabolite July 27 & December 12, 2007, with the presence of other drugs each time;

Govt Brief re: Form 12 Sentencing
CR 05-0588 MMC

- Count Four: the defendant failed to report for drug testing multiple times, including August 16th, September 10th, 14th and 27th; October 8th, 15th and 22nd; and November 7th; and failed to report for treatment multiple times, including October 11th and 23rd; November 13th and 20th;

- Count Six: the defendant left the judicial district without permission on December 16, 2007, having been arrested in Vallejo, in the Eastern District of California, on a state parole violation warrant.

The probation department recommends a low-end sentence of 14 months. The probation officer's April 16 letter bases the calculation on the grade of violation being a C, the defendant's criminal history category as VI, and the resulting range at 8-14 months.

The government submits that the conduct of the defendant found to be a violation by the Court includes a Grade B violation, not just a Grade C violation. This Court's finding that the defendant twice tested positive for cocaine establishes that the defendant *possessed* cocaine on those occasions. Possession of cocaine is both a state and a federal criminal violation punishable by more than a year imprisonment under, so the defendant's conduct qualifies as a Grade B violation under U.S.S.G. § 7B1.1(a)(2). The sentencing range per a Grade B violation, at Criminal History Category VI, is 21-27 months. U.S.S.G. § 7B1.4(a).

A low-end sentence of 21 months is reasonable. First, the defendant is a violent offender with unconscionable criminal conduct in his past. Second, the defendant expressed no remorse for his near total failure on release when testifying at his evidentiary hearing; rather, he asserted a blanket denial, insisting he did 'nothing wrong' and all others were to blame. This defiant attitude persists despite this proceeding being the defendant's second revocation – the first one resulted from his immediate abscondment from supervision upon his prison release. The defendant's present conduct and testimony highlights his problem: he is unwilling to be supervised and defiantly refuses to accept blame for his actions.

///

///

Govt Brief re: Form 12 Sentencing
CR 05-0588 MMC                                -1-

## II.
## A SENTENCE OF 21 MONTHS – THE LOW END OF THE GRADE B VIOLATION RANGE AT CRIMINAL HISTORY VI – IS A REASONABLE SENTENCE

**A.     The Defendant Committed A Grade B Violation**

A Grade B violation is defined as "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1(a)(2).

California Heath & Safety Code § 11350(a) makes the simple possession of cocaine a felony punishable in state prison for up to three years. Under federal law, possession of cocaine is punishable with a sentence, given prior convictions, of up to three years imprisonment. 21 U.S.C. § 844(a).

The Court held the defendant in violation of Count Three of the supervised release petition after the April 3rd contested hearing. Count Three alleges that the defendant tested positive for cocaine on July 27, 2007 and for cocaine and marijuana on December 12, 2007. These months-apart positive tests comprise the few objective insights into how the defendant conducted himself while at liberty on supervised release because he failed to appear for drug testing appointments between those dates, as evidenced by the Court sustaining Count Four of the petition.

The positive cocaine tests equate to a Grade B violation, as the defendant could not have tested positive for cocaine without possessing the cocaine. Under both state and federal law, cocaine possession is punishable by imprisonment for more than a year.

Given a Grade B violation with a Criminal History Category VI, the defendant's sentencing range is 21-27 months. Under U.S.S.G. § 7B1.3(a)(1), upon a finding of a Grade B violation, the Court "shall revoke probation or supervised release."

**B.     A 21 Month Sentence is Reasonable Given the Defendant's Nearly Complete Failure To Comply With Supervision And His Extensive Criminal History That Includes Unconscionable Criminal Acts**

In an earlier supervised release violation for failing to report immediately upon release from prison, the Court did not send the defendant back to prison. Instead, the Court ordered the

1  defendant to complete six months in a halfway house.  The defendant failed to complete that
2  commitment, leaving after three months.  Thereafter, the defendant violated essentially every
3  release condition placed upon him.  He failed to report to his probation officer; failed to report
4  for drug testing repeatedly for essentially months; tested positive when he did appear for testing;
5  failed to appear for drug treatment; and failed to stay within the district, evidenced by his arrest
6  on a state parole violation warrant in Vallejo.  The state arrest warrant had issued for state parole
7  violations during the same period of release.

8       The defendant's criminal history falls within the most egregious category, category VI.
9  As summed up in the probation officer's post-hearing April 16, 2008 letter to the Court, the
10 defendant's criminal history begins in 1984 and includes two juvenile adjudications (one for an
11 robbery with a weapon and inflicting great bodily injury), six adult convictions and 16 other
12 arrests.  The defendant's probation or parole has been modified or revoked 5 times (usually in
13 two or three state cases at once).  The defendant was convicted or at least arrested during every
14 period of probation and parole he has been granted.

15      The defendant's most notorious felony is his conviction at age 24 for felonious Intercourse
16 with a Minor.  The state court committed the defendant to prison for his second adult prison
17 commitment upon this conviction.  As described in the defendant's January 27, 2006 Presentence
18 Report (lifted from the county probation department report of the crime), the defendant and his
19 'god-brother' Owen introduced themselves to a minor girl on the street, then insisted that she get
20 in a car with them while holding each of her arms.  They took her to a hotel room where the
21 following occurred:

22 > "While on the premises, the men had the victim take off her clothes and they hid them in the room.  The victim was forced to have sex with both men.  They
23 > sodomized her and had her orally copulate them.

24 > Before leaving the motel in the morning, Owen took $75 from the victim.  Owen gave her some bus fare and told her to leave."

25 PSR at 13.

26      The victim flagged down police, pointed out the motel room where the defendant and his
27 god-brother had assaulted her, and police arrested them both nearby in a car.  They had items
28

Govt Brief re: Form 12 Sentencing
CR 05-0588 MMC                           3

belonging to the victim in the car.  As part of the investigation, a sexual assault examination of the victim occurred:

> "The victim was examined by a doctor who reported that there appeared to be trauma to the vaginal and anal areas."

PSR at 13.

The defendant was interviewed and reported that sex did occur with the victim but asserted that he was not involved in it, that he thought the victim was the girlfriend of his god-brother, and that there was no violence.  The defendant thereafter pleaded guilty to having sex with the minor victim.  PSR 13-14.

This conduct, along with numerous other criminal convictions, highlights that the defendant is both an entrenched recidivist and violent.

**C.    The Defendant Displayed No Remorse During His Testimony, Only Blanket Denials Of Misconduct Along With Defiance**

The defendant took the stand in his defense at the April 23rd evidentiary hearing.  In sum, the defendant showed no remorse and took no responsibility.  He completely denied any wrongdoing.  He defied any suggestion that he violated any condition of his release.  He clearly had adopted the belief that his best tact is a strong offense, to assert that he simply did nothing wrong and has no basis for remorse.

This attitude highlights why the probation department has difficulties helping the defendant.  His past record reflects he has not in the past been motivated to be amenable to supervision.  The defendant's attitude while on the stand in the present hearing conveyed the clear message that he still has no intention of adhering to the Court's or the Probation Department's supervision.  Accordingly, the government submits that revocation and imprisonment is appropriate.

## III.
## CONCLUSION

Application Note 1 for U.S.S.G. § 7B1.3 states that, "Revocation of probation or supervised release generally is the appropriate disposition in the case of a Grade C violation by a

Govt Brief re: Form 12 Sentencing
CR 05-0588 MMC                                      4

1  defendant who, having been continued on supervision after a finding of violation, again violates
2  the conditions of his supervision." The defendant has earlier been in front of this Court for a
3  Grade C violation and was referred to a halfway house, which he did not complete. The
4  defendant then proceeded to violate essentially every condition of his release. When brought
5  before the Court, he simply denies he failed to do anything. Revocation is appropriate under
6  these circumstances not only due to the guideline policy, but due to the defendant's attitude
7  towards his obligations.
8      The defendant has offered no basis for mitigation of his conduct. Under these
9  circumstances, the government requests that the Court sentence the defendant to 21 months, the
10 low-end of the guideline for a Grade B violation.

12 DATED: May 27, 2008                    Respectfully submitted,

13                                         JOSEPH P. RUSSONIELLO
                                           United States Attorney

16                                         _____/s/_____
                                           GREGG W. LOWDER
                                           Assistant United States Attorney

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney, Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned certifies that she caused copies of

**UNITED STATES SUPERVISED RELEASE VIOLATION SENTENCING MEMORANDUM**

in the case of **UNITED STATES v. ANTHONY FORTE, CR 05-0588** to be served on the parties in this action, by placing a true copy thereof in a sealed envelope, addressed as follows which is the last known address:

**Claire Leary, Esq.**
**912 Cole Street, Suite 347**
**San Francisco, CA  94117**
**atyleary@aol.com**
*Via Email*

**Octavio Magana**
**United States Probation Office**
**450 Golden Gate Avenue, 17th Floor**
**San Francisco, CA  94102**
*Personal Service*

__X__  (By Personal Service), I caused such envelope to be delivered by hand to the person or offices of each addressee(s) above.

__X__  (By Facsimile), I caused each such document to be sent by Facsimile to the person or offices of each addressee(s) above.

_____  (By Mail), I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.

_____  (By Fed Ex), I caused each such envelope to be delivered by FED EX to the address listed above.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 27, 2008

                                                            /s/
                                                RAWATY YIM
                                                United States Attorney's Office