Claire M. Leary
Attorney at Law
912 Cole Street, Suite 347
San Francisco, California 94117
(415) 225-4640
Fax (510) 351-1636
Counsel for Defendant Forte

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 05-588 MMC |
| Plaintiff, | Defendant's Memorandum for Supervised Release Sentencing |
| vs. | May 28, 2008 |
| ANTHONY FORTE, | 2:30 |
| Defendant. | |

Mr. Forte submits the following memorandum in support of the supervised release hearing set for tomorrow, May 28, 2008 at 2:30. Mr. Forte has been in custody since mid-December 2007. He submits that this more-than-five-month incarceration is sufficient to punish him for non-criminal conduct that resulted in this violation.

**1. Mr. Forte should be committed to the Salvation Army Rehabilitation Program**

In the alternative to the credit for time served sentence requested above, Mr. Forte requests that the Court sentence him to the six-month residential Salvation Army drug treatment program in Healdsburg. He has been accepted to that program and Mr. John Garcia, the intake counselor, has informed counsel that he will have a bed available for Mr. Forte on June 2, 2008. The program is described in

1

a letter from Mr. Garcia which is delivered separately to the Court and Counsel.  Mr. Garcia is happy to answer the Court's questions and to further describe the program.  He can be reached at 707-433-3334, extension 116.

**2. The violation involves no new criminal conduct**

The court has found that Mr. Forte violated the terms of supervised release by his failure to report, by testing positive for cocaine metabolites and marijuana, and by his failure to test.  The Government is wrong, and it cites no authority for its position that a dirty test is the same as committing a new crime.  It simply is not.  Normally, defendants are not violated for testing dirty.  The Government never proved that Mr. Forte took or possessed these drugs.  Instead it showed reports that indicated the presence of cocaine metabolites and a sweat patch test that was dirty.  Mr. Forte countered that there was no proof of whether prescription drugs he took could have resulted in the positive test.  Nor did the Government address Mr. Forte's argument that ambient smoke could get into the sweat patch.  The Government's "evidence" was insufficient to show a violation and it certainly did not show by any standard, or under any supported legal theory that Mr. Forte had committed a new crime.

**3. The 21-month sentence recommended by the Government is simply far too much time.**  The Government argues that Mr. Forte was defiant and suggests that defiance justifies a lengthy sentence.  Mr. Forte requests that the Court remember that Mr. Forte was polite and forthright in his testimony.  He explained to the Court that he was

2

told to leave the halfway house because he had been attacked there. The Government in its Memorandum complains that Mr. Forte did not finish the program.

The United States Probation Officer complains in his memorandum that Mr. Forte did not complete the mental health assessment and cites to a letter written by a Sharper Future staff member.  The letter, however, does not substantiate the Probation Officer's claim that Mr. Forte failed to complete the assessment.

Mr. Forte tried hard to comply with the demands made on him by the Probation Office, his parole officer, the serious illness he had at the time of his supervision, the injury he suffered as a result of the racist attack at the halfway house, and many familial demands including several deaths in his family.

4.  **Mr. Forte's record does not justify a lengthy sentence**.  The underlying offense is mail theft, and while it is serious, Mr. Forte requests that the Court note that there was no indication that the mail found had been opened.  All but three of Mr. Forte's prior convictions involve the sale or transportation, some years ago, of narcotics.  One is a misdemeanor possession of narcotics.  One is a DUI.

Mr. Forte was convicted of unlawful intercourse with a minor. This is obviously a serious offense.  It is the only non-substance related offense on Mr. Forte's record.  The Government asserts that is violent and unconscionable.  It is obviously a serious, but non-violent offense.  The pleaded to offense involves no violent conduct.

3

Mr. Forte was 24 and the victim was 16.  The probation report states that according to defense counsel, "further investigation determined that the victim made several telephone calls from the motel room to her grandmother and was never kidnapped or coerced by Mr. Forte or Mr. Dunn [a codefendant].  It was a serious, non-violent, out-of-character offense for which Mr. Forte did 16 months in state prison.

## Conclusion

    Mr. Forte requests that he be sentenced to credit for time served or that in the alternative the Court sentence him to six months at the Salvation Army Program.

Dated:  May 27, 2008         Respectfully submitted,


/s/_____

Claire Leary
Counsel for Defendant Forte

4